By the Court.—O’Gorman, J.
This is an appeal taken by the plaintiff from a judgment of this court, overruling his demurrer to the defendant’s answer.
The facts are these:—The plaintiff is holder and owner of a bond issued by the defendant corporation for payment of $1,000—in the year 1905, and owner also of two coupons, being promises of defendant to' pay interest on the bond, which interest was to become due on May 15, 1888, and on November 15, *71 1888. The defendant refused payment, on the ground that, in accordance with the provision set forth in the bond, it had been retired on November 15, 1887, and that it had ceased to bear interest from' that date.
The bond recites that it is secured by a mortgage to the “ Farmer’s Loan and Trust Company of New York, as trustee,” and then follows the provision on which the defendant relies:—
“ And the said company hereby covenants and agrees to provide according to the terms and conditions of said mortgage, a sinking fund, as follows :
“ The sum of ten thousand dollars shall be so provided and paid on the fifteenth day of November in each year, commencing on the fifteenth day of November, 1877 ; also in addition thereto such further sum in each year as shall be equal to the amount of interest on the retired bonds, until the whole amount of the said bonds shall be paid and extinguished. The numbers of the bonds to be paid in each year, by the amount of the said sinking fund, shall be determined by drawings by lot, at the agency of the company in the city of New York, by a Notary Public, to be appointed by the said trustee in the month of August, in the year 1877, and in the same month in each year thereafter ; and the company shall cause a notice of the numbers drawn to be posted in the office of the agent of the company in the city of New York, at which the coupons of the bonds are payable on or before the first day of September after drawing, and on the following fifteenth day of November the principal of said bonds so drawn shall be payable, at the option of the holders, at the office, and in the manner aforesaid, upon the surrender of the bonds drawn with all the coupons thereto belonging; and after the said fifteenth day of November the interest upon the bonds so drawn shall cease”
*72 The provision in the mortgage in this regard is as follows :
“ The party of the first part hereby covenants and agrees with the party of the second part and its successor or successors, and with the holder of each and all of the issue of one million dollars of bonds which may be issued, that the said party of the first part will provide for the redemption and retirement of such bonds and each of them by a sinking fund, as follows.”
, Then follows the same provision for drawing, pay-ability of principal and ceasing of interest, as is contained in the bond. * * * “And in case of default in payment of any of the sums of money herein stipulated to be set aside and paid for the purpose of the redemption, purchase and retirement of said bonds, at the time or times when such sums of money should be set aside and paid according to the terms of this indenture,” &c., the trustee is authorized to foreclose.
Pursuant to these provisions for the gradual retirement of these bonds, the defendant has in each year provided the sinking fund called for ; has caused the drawings to be made, and has paid and retired the drawn bonds.
In the drawing, had in 1887, the plaintiff’s bond, to which were attached the coupons in suit, was drawn ; due notice of that fact was given, and the money to pay and retire it was provided by the defendant ; but the plaintiff refused to present his bond for payment, on the ground that defendant’s right to pay it was made dependent upon his option; and that, unless he chooses to avail himself of his option to receive payment, the bond cannot be redeemed,'and stands exactly as though it had never been drawn.
The plaintiff’s contention is, that he had, under *73 the provision in the bonds, an option to deliver up his bond when drawn, or to retain it, and that if he elected to retain it, his right to demand and receive payment of interest continued unimpaired.
I do not think that a proper construction of the clause in question sustains that proposition. The “ option ” given to the holder by the terms of the bond applies only to his right to retain possession of his bond and coupons, which right could not be denied. It does not refer to the subsequent provision for cessation of interest, which stands alone, distinct, positive and imperative. “After the said fifteenth day of November, the interest upon the bonds, so drawn, shall cease.” If instead of the words “so drawn,” the words in the sentence had been “ so surrendered,” the plaintiff’s construction might be accepted. This use of the words “ so drawn” seems to me fatal to the plaintiff’s claim.
But a careful consideration of the bond, taken as a whole, relieves the question, in my opinion, of all doubt. Its manifest intention was that a system should be established by means of which the stability of the defendant’s enterprise should be assured by a gradual payment of its debts and consequent reduction of the interest accruing thereon.
For this purpose a somewhat complicated plan was devised, by which a certain number of bonds should be paid off, in each year, and funds were to be carefully provided beforehand for that purpose. It cannot be supposed that it was intended to leave it to the “ option ” or caprice, of each bondholder to frustrate the success of this plan whenever he might be called on to aid in its execution.
It seems clear to me that the true meaning of the provision on this subject is this :—Since the corporation has no right or power to compel its bondholder to surrender his bond when drawn, or the coupons attached thereto, his retention or surrender *74 of them shall be of no serious consequence, for whether he surrenders them or not, “ the interest on the bonds so drawn shall cease.”
The judgment appealed from should be affirmed, with costs.
Sedgwick, Ch. J., concurred.